1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    KEVIN LEE MCCULLOM,                    Case No. 23-cv-06553-JST

                    Plaintiff,
8
                                            **ORDER OF DISMISSAL**
9            v.

10   ALAMEDA COUNTY DISTRICT
     ATTORNEY'S OFFICE, et al.,
11
                    Defendants.
12

13           Plaintiff, an inmate at John Latoracca Correctional Center in Merced, California, has filed

14   a *pro se* action pursuant to 42 U.S.C. § 1983.  His amended complaint (ECF No. 9) is now before

15   the Court for review pursuant to 28 U.S.C. § 1915A.

16                                      **DISCUSSION**

17   **A.      Standard of Review**

18           A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

20   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

23   (2).  *Pro se* pleadings must be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993

24   (9th Cir. 2020).

25           Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court

26   determines that . . . the action or appeal . . . is frivolous or malicious."  28 U.S.C.

27   § 1915(e)(2)(B)(i).  A claim that is incomprehensible may be dismissed as frivolous as it is

28   without an arguable basis in law.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).  All

United States District Court
Northern District of California

1    or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack

2    an arguable basis in either law or in fact.  This includes claims based on legal conclusions that are

3    untenable (e.g., claims against defendants who are immune from suit), as well as claims based on

4    fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490

5    U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The

6    Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil

7    of a complaint's factual allegations, a court is not bound to accept without question the truth of the

8    plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts

9    alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially

10   noticeable facts available to contradict them.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

11        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

12   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

13   necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

14   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

15   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

16   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

17   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

18   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

19        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

20   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

21   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

22   *Atkins*, 487 U.S. 42, 48 (1988).

23   **B.    Procedural History**

24        The initial complaint was dismissed because it violated Fed. R. Civ. P. 8(a)'s requirement

25   of a short and plain statement and because the complaint's allegations appeared to have no

26   arguable basis in fact or law, and were therefore subject to dismissal under § 1915(e)(2)(B)(i):

27            The complaint is a rambling list of allegations regarding a
             conspiracy amongst defendants and various law enforcements to
28            unlawfully convict Plaintiff of various crimes, imprison him, place

him in psychiatric institutions, and forcibly medicate him. The conspiracy allegedly includes deleting Plaintiff's case information from law enforcement databases, changing Plaintiff's criminal case number, making Plaintiff incompetent to stand trial, and kidnapping his two minor children. *See generally* ECF No. 4.

The complaint is rambling, hard to follow, and the allegations are factually implausible. In addition, the complaint does not identify any federal law or constitutional provision that has been violated. The complaint also appears to be challenging completed or ongoing state court proceedings. If so, the Court would be barred from considering these claims either pursuant to *Heck* or the *Younger* abstention doctrine, depending on whether the state court proceedings are ongoing or completed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (court must dismiss Section 1983 action where plaintiff's success in action would necessarily imply invalidity of plaintiff's conviction or sentence, and conviction or sentence has not yet been invalidated); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). Finally, Plaintiff has brought similar claims previously in other actions, so some claims in this action may be duplicative of claims brought in prior actions. *See, e.g.,* C No. 21-cv-05738 BLF, *McCullom v. Newsom*; C No. 21-cv-1524 BLF, *McCullom v. Ahorn, et al.*

ECF No. 7 at 3-4. The Court granted Plaintiff leave to file an amended complaint to correct the identified deficiencies and cautioned him that the amended complaint should be a short and plain statement of Plaintiff's claims. *See generally* ECF No. 7.

## C.    Amended Complaint

The amended complaint names Alameda County District Attorney's Office as a defendant in the caption of the complaint. ECF No. 9 at 1. When asked to identify defendants on page 2 of the form complaint, Plaintiff names San Mateo County Probation Office head John Keen, and Alameda County Probation Office head Wendy Still as defendants. ECF No. 9 at 2.

The amended complaint makes the following allegations. On January 1, 2018, Plaintiff's three year felony probation term concluded. On November 8, 2018, Plaintiff was "erroneously placed within" the databases of both the San Mateo County Probation Department and the Alameda County Probation Department, which resulted in Plaintiff's Fourth Amendment rights being violated as follows. Plaintiff was illegally searched and seized, falsely arrested, and unlawfully detained, by the Newark City police because the Newark City police, relying on the inaccurate probation databases, believed that Plaintiff was an active felony probationer. In Dublin

County Case No. 18-cr-018020, the court found that that Officer Christi Wallace acted "objectively reasonable" because she relied on the CLETS database information, and could not have known that the CLETS information was erroneous. Defendants Keen and Sill are responsible for the Fourth Amendment violation because they failed in their duty to routinely audit and update the information contained in their criminal justice information systems law enforcement databases to avoid unnecessary Fourth Amendment violations. The Alameda County District Attorney's Office engaged in malicious prosecution when they repeatedly offered Plaintiff a plea bargain of time served and three years felony probation, in an attempt to evade their civil liability. When Plaintiff refused these plea bargain offers, Plaintiff found himself repeatedly placed on 72 hour psychiatric holds ("5150s") and suddenly arrested for nine misdemeanors. The criminal charges in Dublin County Case No. 18-cr-018020 and the nine misdemeanors were ultimately dismissed.[1] Plaintiff seeks the following relief: treble punitive, compensatory, or exemplary damages, "a temporary restraining order and permanent injunction order to be issued until this case has been adjudicated," and any other relief the court deems proper. *See generally* Dkt. No. 9.

The amended complaint is DISMISSED with prejudice for the following two reasons.

First, the amended complaint fails to set forth factual allegations from which it can be reasonably inferred that defendants Keen and Sill are liable for the Fourth Amendment violations committed by others. "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). The Court is unaware of, and Plaintiff has not cited to any, laws that require defendants

---

[1] The amended complaint makes additional allegations, but does not link these allegations to the named defendants. The Court focuses only on the amended complaint's allegations against the named defendants.

4

United States District Court
Northern District of California

1   Keen or Sill to regularly audit or check the probation databases.  Assuming arguendo that

2   defendants Keen and Sill were required to check and audit the probation databases, their failure to

3   do so is not so closely tied to the injuries alleged by Plaintiff – false search, seizure, arrest and

4   detention – that it makes sense to hold them legally responsible for the injury because the fact that

5   Plaintiff was not a felony probationer at the time of the search, seizure, arrest and detention would

6   not, by itself, render the search, seizure, arrest and detention false or unconstitutional.  Moreover,

7   the officers' search, seizure, arrest, and detention of Plaintiff is unlikely to have violated the

8   Fourth Amendment if they arrested Plaintiff for a probation violation based on their reliance on a

9   widely-accepted probation database because probable cause exists when the facts available to the

10   officer would warrant a person of reasonable caution in the belief that there is evidence of a crime;

11   it does not demand any showing that such a belief be correct or more likely true than false.  *Texas*

12   *v. Brown*, 460 U.S. 730, 742 (1983); *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995)

13   (existence of probable cause is major factor in determining reasonableness of search or seizure)

14   (warrantless arrest).  It is possible that the search, seizure, arrest, or detention violated the Fourth

15   Amendment for other reasons unrelated to whether Plaintiff was believed to be on parole, but

16   these reasons would not be casually linked to defendants Keen or Sill, whose only involvement is

17   their supervisory authority over the probation databases.

18          Second, the amended complaint fails to state a claim against defendant Alameda District

19   Attorney's Office because the claims for damages are barred by the Eleventh Amendment and the

20   vague request for prospective injunctive relief does not entitle Plaintiff to the *Ex Parte Young*

21   exception to the Eleventh Amendment.  The amended complaint speculates that defendant

22   Alameda District Attorney's Office charged Plaintiff with nine misdemeanors and placed Plaintiff

23   on multiple psychiatric holds in retaliation for Plaintiff refusing plea bargain offers proffered by

24   prosecutors in defendant Alameda District Attorney's Office.  In charging Plaintiff and

25   prosecuting the case, the prosecutors employed by defendant Alameda District Attorney's Office

26   were acting as state officials.  *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000)

27   (California district attorney is state officer when deciding whether to prosecute individual); *Pitts v.*

28   *County of Kern*, 17 Cal.4th 340, 345 (Cal. 1998) (California district attorney represents state and

operates as state official in preparing to prosecute, and when prosecuting, crimes).  Because defendant Alameda District Attorney's Office was acting as a state official, Plaintiff's claims against defendant Alameda District Attorney's Office are barred by the Eleventh Amendment, which grants a State and its agencies immunity from suit for damages in federal court.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Weiner*, 210 F.3d at 1031 (holding that since district attorneys are state officers when exercising their prosecutorial functions, Section 1983 claims against district attorneys fail because state is relevant actor, not county).  The *Ex parte Young* exception to the Eleventh Amendment immunity provides that a suit against a state official seeking prospective injunctive relief from unconstitutional state action is not a suit against the state, even if the state is the real party in interest.  *See Kentucky*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908).  This exception is limited to prospective injunctive relief from continuing or impending state action which violates the federal constitution or a federal statute.  *See Armstrong v. Wilson*, 124 F.3d 1019, 1026 (9th Cir. 1997).  Plaintiff's vague request for "a temporary restraining order and permanent injunction order to be issued until this case has been adjudicated" does not to apply to defendant Alameda County District Attorney's Office as Plaintiff has not alleged that defendant Alameda County District Attorney's Office is engaged in an ongoing violation of Plaintiff's federal constitutional rights and Plaintiff is not currently being prosecuted by defendant Alameda County District Attorney's Office.  The *Ex parte Young* exception does not apply here with respect to the claim against defendant Alameda County District Attorney's Office.

The Court notes that Plaintiff has raised similar claims and allegations in other actions. *See, e.g., McCullom v. Alameda Cty. District Attorney*, Case No. 23-cv-4883 JST, Dkt. No. 1 (Nov. 1, 2023) (civil rights action alleging *inter alia* that Plaintiff has been unlawfully entered into law enforcement databases and into San Mateo County probation database, resulting in Newark City Police unlawfully searching and arresting him); *McCullom v. Ahern*, Case No. 21-cv-02515 HSG, Dkt. No. 1 (Apr. 7, 2021) (habeas action alleging *inter alia* that state officials are colluding to falsely imprison him and falsely fabricate psychiatric holds, and have incorrectly retained him in local databases for parolees when he is no longer in custody or parolee); *McCullom v. Keen*,

1    Case No. 21-cv-01172 BLF, Dkt. No. 4-1 at 6-7 (Mar. 29, 2021) (civil rights action alleging *inter*

2    *alia* that San Mateo County Probation Department retained inaccurate information in their

3    databases).  Duplicative or repetitious litigation of virtually identical causes of action is subject to

4    dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.

5    1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims

6    may be considered abusive and dismissed under Section 1915.  *Cato v. United States*, 70 F.3d

7    1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.  An *in forma pauperis* complaint

8    repeating the same factual allegations asserted in an earlier case, even if now filed against new

9    defendants, is also subject to dismissal as duplicative.  *Bailey*, 846 F.2d at 1021.

10          The Court DENIES Plaintiff leave to amend his amended complaint because amendment

11   would be futile.  The Court is unaware of, and Plaintiff has not cited to any, laws that require

12   defendants Keen or Sill to regularly audit or check the probation databases.  Even if there such a

13   duty, it is implausible that defendants Keen and Sill's failure to update or audit the probation

14   database was the proximate cause of any *unlawful* search, seizure, arrest, and detention by the

15   Newark Police Department.  The claims against defendant Alameda County District Attorney's

16   Office fail to state a claim as a matter of law because they are barred by the Eleventh Amendment.

17   Finally, the Court has also taken into account Plaintiff's history of bringing these claims in other

18   actions.  The Court therefore dismisses this action with prejudice.  *Leadsinger, Inc. v. BMG Music*

19   *Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to

20   amend).

21                                          **CONCLUSION**

22          For the foregoing reasons, the Court DISMISSES this action with prejudice.  The Clerk

23   shall enter judgment in favor of Defendants and against Plaintiff, and close the case.

24          **IT IS SO ORDERED.**

25       Dated:  October 28, 2024

26                                          _____
                                                        JON S. TIGAR
27                                               United States District Judge

28